IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 2, 2011

**STATE OF TENNESSEE v. CONNIE R. MARTIN**

**Direct Appeal from the Circuit Court for Gibson County**
**Nos. 15868, 15951      Clayburn Peeples, Judge**

_____

**No. W2011-00409-CCA-R3-CD  - Filed November 21, 2011**

_____

Defendant-Appellant, Connie R. Martin, appeals from the Gibson County Circuit Court's order revoking her probation. She was originally convicted of two counts of solicitation of first degree murder, aggravated burglary, forgery, and misdemeanor theft. She received an effective twenty-year sentence, part of which was to be served on probation. In this appeal, Martin claims that the trial court erred in revoking her probation. Upon review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

Tom W. Crider (at trial and appeal), District Public Defender, Trenton, Tennessee; Clifford K. McGown, Jr. (on appeal), Waverly, Tennessee, for the Defendant-Appellant, Connie Martin.

Robert E. Cooper, Jr., Attorney General and Reporter; Clarence E. Lutz, Assistant Attorney General; Garry G. Brown, District Attorney General; and Stephanie Hale, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**Background.** In August 2010, Martin was serving her sentences in these two cases on unsupervised probation. At that time, she pled nolo contendere in Madison County Circuit Court to the promotion of methamphetamine manufacture, a Class D felony. Based on this new conviction, the State filed a motion to revoke her probation in cases 15868 and 15951, the solicitation to commit murder convictions. At the revocation hearing, the State presented a certified copy of the judgment form reflecting Martin's conviction for the

promotion of methamphetamine manufacture. Linda Jones of the Madison County Community Corrections Office testified that she began supervising Martin in September 2010. She testified that Martin had been compliant with her conditions of probation, with the exception of the methamphetamine conviction. She contacted the District Attorney General in Gibson County when she became aware that Martin was serving a suspended sentence at the time Martin pled to the offense in Madison County.

Martin testified regarding the facts underlying her conviction for the promotion of methamphetamine manufacture. She said that she bought two boxes of allergy pills, but that she had never used or made methamphetamine. When she pled guilty, she was under the impression that the Madison and Gibson County authorities had agreed that her new conviction would not violate her probation. She testified that she would not have pled guilty to the offense had she known her probation would be violated.

Following the evidentiary hearing, the trial court found that Martin violated the conditions of probation. It revoked her probation in cases 15868 and 15951 and ordered her to serve the balance of her sentences in confinement. This timely appeal followed.

**Analysis.** Martin argues on appeal that the trial court erred in revoking her probation because the result, serving the remainder of the sentences in confinement, is unjust. Although she never explicitly says so before this court, she appears primarily to challenge the knowing and voluntary nature of the plea that led to the revocation. She implicitly asserts that because she did not understand that pleading to the offense of promotion of methamphetamine would risk the revocation of her probation, revocation is "a grave miscarriage of justice." The State responds that any challenge to the validity of the guilty plea is improper on this procedural posture and that the trial court properly revoked Martin's probation. We agree with the State.

A trial court may revoke probation and order the imposition of the original sentence upon a finding by a preponderance of the evidence that the defendant has violated a condition of his or her probation. T.C.A. §§ 40-35-310, -311(e) (2009). Probation revocation rests within the sound discretion of the trial court. State v. Kendrick, 178 S.W.3d 734, 738 (Tenn. Crim. App. 2005) (citing State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991)). A trial court's decision to revoke probation will be upheld absent an abuse of discretion. State v. Beard, 189 S.W.3d 730, 735 (Tenn. Crim. App. 2005). In order to establish an abuse of discretion, the defendant must show that there is no substantial evidence in the record to support the trial court's determination regarding the probation violation. Id.

Once the trial court has determined a violation of probation has occurred, it retains discretionary authority to order the defendant to: (1) serve his sentence in incarceration; (2)

serve the probationary term, beginning anew; or (3) serve a probationary period that is extended for up to an additional two years. State v. Hunter, 1 S.W.3d 643, 647 (Tenn. 1999). Additionally, under Tennessee Code Annotated section 40-35-310(b), the trial court

> may also resentence the defendant for the remainder of the unexpired term to any community-based alternative to incarceration authorized by chapter 36 of this title; provided, that the violation of the defendant's suspension of sentence is a technical one and does not involve the commission of a new offense.

T.C.A. § 40-35-310(b). The determination of the proper consequence of the probation violation embodies a separate exercise of discretion. Hunter, 1 S.W.3d at 647; State v. Reams, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007).

In this case, the trial court did not abuse its discretion in finding that Martin violated the conditions of probation. The State presented a certified copy of the judgment form reflecting Martin's conviction and plea of nolo contendere to the new offense. Additionally, Martin admitted to the facts underlying the conviction, that she purchased pills containing ingredients used to make methamphetamine. The record therefore reflects substantial evidence to support the trial court's finding that Martin violated the conditions of her probation by committing a new offense. Furthermore, the trial court did not abuse its discretion by ordering Martin to serve the sentences in custody, as incarceration was clearly one of the options available to the trial court upon finding that a violation occurred, Hunter, 1 S.W.3d at 647. Having found that the trial court did not abuse its discretion in revoking Martin's probation and ordering her to serve the sentences in custody, we conclude that Martin is not entitled to relief.

To the extent that Martin argues that the trial court erred in revoking her probation because the plea to the new offense was invalid, we note, as does the State in its brief, that such an argument is improper here. A challenge to the guilty plea would be proper in, for example, a petition for post-conviction relief. See State v. Wilson, 31 S.W.3d 189, 194 (Tenn. 2000) ("[T]he proper forum for asserting that a plea was not knowingly or voluntarily entered . . . is in a post-conviction proceeding."). We decline, therefore, to review the validity of the plea entered in Madison County Circuit Court in this direct appeal from the Gibson County Circuit Court's revocation of probation.

**CONCLUSION**

Upon review, we affirm the judgment of the trial court.

_____

CAMILLE R. McMULLEN, JUDGE